GILBERT HOPKINS & another *vs.* ISAIAH C. RAY & Trustees. AVERY SMITH & others *vs.* THE SAME.

An assignment made after the statute of 1836, *c.* 238, took effect, though not conforma ble to that statute, is not void, but voidable, as against the assignor's creditors.

When, under the authority given by such assignment, the assignees sell the assigned property, and take notes therefor on time, they cannot be held as trustees of the assignor, if summoned as such before the notes are payable.

THE question in these cases arose upon the answers of T. Coffin and E. M. Gardner, who were summoned as trustees of Ray, the defendant. The facts are stated in the opinion given by the court.

*Coffin*, for the plaintiffs.

*C. P. Curtis*, for the trustees.

SHAW, C. J. The trustees disclose an assignment made to them, in 1837, by Isaiah C. Ray, the principal defendant, of a considerable amount of goods, in trust for certain creditors. This being made after the passage of the statute of 1836, *c.* 238, and not being made in conformity with that statute, would not be sufficient to enable them to hold the property against an attaching creditor. But the court are of opinion, that the property was not in an attachable condition. The trustees, in their answer, disclose the assignment, by which they were authorized to sell and dispose of the goods in such manner as they should think most advisable, within one year, and then close the sale at auction. Pursuant to this authority, they had sold the goods to

various individuals on credit, and taken notes, not due when the trustee process was served. The assignment, by force of the statute, was not void, but voidable, as against creditors. Before the intervention of any attachment, the trustees were authorized to sell the goods on credit, and having so sold them and taken notes, they were not personally responsible, either for the goods or for the proceeds, and therefore were not chargeable as trustees. *Dickinson* v. *Strong & Trustees*, 4 Pick. 57.

*Trustees discharged.*